RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 11 / 3 / 14
MB

**UNITED STATES DISTRICT COURT OF THE**

**WESTENR DISTRICT OF LOUISIANA**

515 Murray Street Suite 105 Alexandria, Louisiana 71301

| | | |
|---|---|---|
| | ) | Case No. 14-cv-3176 |
| **In the Matter of** | ) | |
| **EDWING RETANA** | ) | |
| **Petitioner** | ) | **PETITION FOR WRIT OF** |
| **V.** | ) | **HABEAS CORPUS** |
| **THE UNITED STATES DEPARTMENT** | ) | |
| **OF HOMELAND SECURITY BUREAU** | ) | |
| **OF IMMIGRATION & CUSTOMS** | ) | |
| **ENFORCEMENT, et al.,** | ) | |
| **Respondents.** | ) | |
| | ) | |

---

**PETITIONER 'S PETITION**

**CHALLENGE PROLONG DETENTION**

---

**RETANA EDWIN GIOVANNI**

**A# 088-809-199**

**Etowah Detention Center**

**827 Forrest Ave**

**Gadsden, AL 35901**

## INTRODUCTION

This case challenges the government's policy of subjecting noncitizens to prolonged civil detention during resolution of their administrative removal proceedings.

The government's current practice, as exemplified by the instant case, is to detain non-citizens for months and even years while their removal proceedings are resolved without providing a meaningful hearing as to whether detention is justified. Individuals detained by the government in this manner include those with cases pending before the immigration courts or at the Board of Immigration Appeals (BIA), and those who have obtained stays from this Court pending judicial review of their removal cases.

Petitioner, Retana Edwin Giovanny, *Pro Se,* who is presently in the custody of the Department of Homeland Security at Etowah Detention Center 827 Forrest Ave, Gadsden AL 35901, pending his removal to Guatemala, has filed a Petition for review in the second circuit Court of Appeal and Motion for Emergency Stay of Deportation which are pending. Petitioner's claims fall into two categories: those challenging the Immigration Judge's removal order and seeking relief under § 240A(b) Cancellation of Removal of the Immigration and Nationality Act ("INA"); his constitutional challenges to his mandatory detention without bail.

Petitioner, who is pro se, ask that this Court grant the following relief:

(1) order that he be returned to Immigration Court for reconsideration for Nonpermanent Resident Cancellation of Removal pursuant to 240A(b) of the INA,

(2) and that he be released upon posting a bond for $1,500.

(3) enjoin Respondents from deporting Petitioner until there has been a complete hearing on the merits of his actions and all appeals have been exhausted;

(4) and, any other relief this Court deems just and proper.

## BACKGROUND

Petitioner, a native and citizen of Guatemala, entered the United States over 10 years ago, petitioner has no criminal record, He is a father of two US citizen children, own a business in the United States. He is been in detention for over a year. On June 17, 2014 the Immigration Judge Denied Mr. Retana's request bond redetermination for release upon posting bond, timely petitioner filed an appeal before the Board of Immigration Judge. On September 23, 2014 the

"BIA" dismissed the petitioner appeal based on that neither the Immigration Judge nor the Board ("BIA") has authority to set bond conditions. 8C.F.R § 1241.1(a).

As this Court and the Supreme Court have recognized, prolonged and indefinite immigration detention raises serious constitutional questions. See Zadvydas v. Davis, 533 U.S. 678, 690 (2001); Nadarajah v. Gonzales, 443 F.3d 1069, 1076 (9th Cir. 2006); Tijani v. Willis, 430 F.3d 1241, 1242 (9th Cir. 2005). The government's prolonged detention of individuals like Petitioner violates the Due Process Clause of the Fifth Amendment because it bears no reasonable relation to a legitimate government purpose, and has been imposed without the kind of procedural safeguards that would be necessary to justify such detention. See Zadvydas, 533 U.S. at 690-92.

This Court, however, need not reach the serious constitutional questions posed by prolonged and indefinite immigration detention. The principle of constitutional avoidance, as well as ordinary principles of statutory construction, compel the conclusion that the general immigration detention statutes—i.e., those that do not involve national security— authorize detention only for a period of time reasonably necessary to effectuate removal. See Nadarajah, 443 F.3d at 1079. Under this Court's precedent, after a presumptively reasonable six-month period, the government cannot detain an individual unless it demonstrates at a constitutionally-adequate hearing that continued detention is justified. See id. at 1079-80; Tijani, 430 F.3d at 1242.

***Three general immigration detention statutes***

A. Three general immigration detention statutes govern the detention of most non-citizens in removal proceedings. Detention pending completion of removal proceedings for non-citizens admitted to the United States is governed by § 236 of the Immigration and Nationality Act (INA), 8 U.S.C. § 1226, which generally provides that while removal proceedings are in contrast to the three general detention statutes that govern ordinary cases, Congress specially provided for prolonged detention when a national security-related charge is the basis for removal. See 8 U.S.C. §§ 1531-37, 1226a (expressly authorizing continued detention beyond six months even where "removal is unlikely in the reasonably foreseeable future"). pending, the government may detain non-citizens or release them on bond or "conditional parole." See 8 U.S.C. § 1226(a). Section 1226 also includes a subsection providing for so-called "mandatory" detention of persons with certain criminal convictions under certain circumstances. 8 U.S.C. § 1226(c).

A second general detention statute, INA § 235, 8 U.S.C. § 1225, applies to persons not admitted to the United States, including those arriving in the country and seeking admission, as well as those present in the United States after entering without inspection. Under this statute, a non-citizen charged with being inadmissible "shall be detained" for a removal proceeding, 8 U.S.C. § 1225(b)(2)(A), or for further consideration of an asylum application, 8 U.S.C. § 1225(b)(1)(B)(ii), but may be released on parole pursuant to 8 U.S.C. § 1182(d)(5).

The third general immigration detention statute, INA § 241, 8 U.S.C. § 1231, governs detention of persons who have already received a final administrative order of removal, and applies to those who were previously admitted as well as those who were never admitted. In Section 1231, Congress provided that the government generally should remove a person with a final administrative order of removal within 90 days (known as the "removal period"), during which the person "shall . . . [be] detain[ed]." 8 U.S.C. § 1231(a)(2). "If the alien does not leave or is not removed within the [90-day] removal period, the alien, pending removal, shall be subject to supervision . . ." 8 U.S.C. § 1231(a)(3). Those ordered removed based upon certain grounds, including criminal convictions, or determined to be a risk to the community or unlikely to comply with the removal order "may be detained beyond the removal period." 8 U.S.C. § 1231(a)(6). The Supreme Court has held that Section 1231(a)(6) authorizes detention beyond the removal period only when removal is significantly likely to occur in the reasonably foreseeable future. Zadvydas, 533 U.S. at 699. In Section 1231, Congress recognized one circumstance in which physical removal may not occur soon after an administrative removal order: where the order is under review by a court. In such a case, Congress provided that the 90-day removal period does not begin until the completion of any judicial review for which the non-citizen has obtained a stay of removal. See 8 U.S.C. § 1231(a)(1)(B)(ii). The majority of courts— including this Court in an unpublished decision and implicitly in Tijani— have held that during such judicial review, Section 1231 does not apply and the individual's detention remains governed by the pre-administrative order detention statute, Section 1226 (or in the case of non-admitted aliens, Section 1225). See Tijani, 430 F.3d at 1242 (treating detention pending judicial review as governed by Section 1226); Martinez-Jaramillo v. Thompson, 120 Fed. Appx. 714, 717 (9th Cir. 2005) (unpublished) ("the language of the statute . . . stalls the beginning of the removal period where a stay of removal is granted pending judicial review.").

B. While the "vast majority" of removal cases are resolved relatively expeditiously, see Demore v. Kim, 538 U.S. 510, 530 (2003), those noncitizens whose removal cases are not within the "vast majority" are likely to face prolonged proceedings of indeterminate duration. Some removal proceedings may require years to complete at the administrative level because of remands from the BIA or the courts of appeals to immigration judges on complex points of law or for additional fact-finding. In addition, judicial review in this Court itself may necessitate well over a year. See Tijani, 430 F.3d at 1242 (noting that "foreseeable process" for petition for review of removal order in Ninth Circuit is "a year or more"); see also Ninth Circuit United States Courts 2006 Annual Report at 36-38, available at http://www.ce9.uscourts.gov/publications/AnnualReport2006.pdf (Median time from filing of appeal to disposition for Ninth Circuit in 2006 was 15.5. months) See also Wang v. Ashcroft, 320 F.3d 130 (2d Cir. 2003); Rodriguez- Carabantes v. Chertoff, 2007 WL 1268500 (W.D.Wash. May 1, 2007); Alafyouny v. Chertoff, 2006 WL 1581959 (N.D. Tex. May 19, 2006) (collecting cases); but see Akinwale v. Ashcroft, 287 F.3d 1050 (11th Cir. 2002).
Non-citizens subjected to prolonged detention pending removal proceedings receive no hearings before an immigration judge or other impartial adjudicator to determine whether such detention is justified. Instead, the government sometimes conducts periodic "file reviews" based upon a paper record and without providing the non-citizen with an opportunity to be heard, to examine witnesses, or to challenge the government's evidence, and without considering length of detention as a factor favoring release from detention.4 See 8 C.F.R. § 241.4(h).

C. Detainees subject to prolonged detention face removal proceedings for a variety of reasons. Some detainees are longtime lawful permanent residents whom the government charges with removability based upon criminal convictions. See 8 U.S.C. § 1227. Some individuals may ultimately prevail before the courts of appeals, even if both the immigration judge and the BIA have held that they are removable. See, e.g., Li v. Ashcroft, 389 F.3d 892 (9th Cir. 2004); Vukmirovic v. Ashcroft, 362 F.3d 1247 (9th Cir. 2004); see also Thangaraja v. Gonzales, 428 F.3d 870 (9th Cir. 2005) (awarding attorneys fees because government's position not substantially justified); Rodriguez-Lariz v. INS, 282 F.3d 1218 (9th Cir.2002) (criticizing BIA for "summarily dismiss[ing] [claims] without even purporting to engage in any substantive

analysis or articulating any reasons for its decision."). It is all too common for this Court and other courts of appeals to reverse decisions of immigration judges and the BIA based on mistakes of law. See Benslimane v. Gonzales, 430 F.3d 828, 829-30 (7th Cir. 2005) (Posner, J.) (noting that Seventh Circuit "reversed the Board of Immigration in whole or part in a staggering 40 percent of the 136 petitions to review the Board that were resolved on the merits" and that "adjudication of [immigration] cases at the administrative level has fallen below the minimum standards of legal justice"). Other cases of prolonged detention involve persons who have no criminal record but have nonetheless been held in detention by the government pending completion of removal proceedings. This category includes people who arrive at a port of entry and apply for asylum. Such persons are detained by the government even though an immigration officer has determined that the person has a credible fear of persecution, 8 U.S.C. § 1225(b)(1)(B), and in many cases even when an immigration judge has found the individual is entitled to asylum or protection against removal under the Convention Against Torture. See, e.g., Nadarajah, 443 F.3d at
1071-75 (Sri Lankan torture victim and asylum applicant incarcerated for five years notwithstanding repeated grants of asylum by immigration judge and BIA).

## SUMMARY OF ARGUMENT

The Creation of the Six-Month Detention Clock: Zadvydas v. Davis Various district and circuit courts adopted conflicting positions on the slew of habeas petitions filed by long-term detainees. As a result, the Supreme Court decided to address the issue by granting writs of certiorari in two cases, Zadvydas v. Underdown, and Ma v. Reno.

8 U.S.C. § 1231(a)

In Zadvydas v. Davis, the United States Supreme Court upheld the mandatory detention provision of 8 U.S.C. § 1231(a)(6), so long as the detention was limited to "a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. at 689. The Supreme Court recognized six months as a presumptively reasonable period of detention pursuant to this statute.

In Demore, the Supreme Court upheld mandatory detention for the "brief period" necessary for removal proceedings, a period it described as averaging 45 days for those who do not appeal an IJ order, and 5 months for those who do. Demore, 538 U.S. at 513. Thus, a number of courts have held that, in light of the serious constitutional problems posed by prolonged detention, see Point I.B., infra, INA § 236(c) must be construed as authorizing detention only for a brief and reasonable period of time.

In Casas-Castrillon v. Dep't of Homeland Security, 535 F.3d 942 (9th Cir. 2008); Tijani v. Willis, 430 F. 3d 1241 (9th Cir. 2005); (both holding that the mandatory detention statute only authorizes detention for "expeditious" removal proceedings, not those that exceed the brief period of time set forth in Demore); Diop v. ICE/Homeland Security, 656 F.3d 221 (3d Cir. 2011) (construing INA § 236(c) as only authorizing detention "for a reasonable amount of time"); Ly v. Hansen, 351 F.3d 263, 270 (6th Cir. 2003) (INA § 236 "include[s] an implicit requirement that removal proceedings be concluded within a reasonable time").

See Diouf v. Napolitano, 634 F.3d 1081 (9th Cir. 2011) (holding, in case construing INA § 241(a)(6), that detention is generally prolonged at six months); Nadarajah v. Gonzales, 443 F.3d 1069 (9th Cir. 2006) (holding that where Congress intended to authorize prolonged detention, beyond six months, it did so expressly). See, e.g., INA § 236A (authorizing prolonged detention of individuals certified as terrorists); § 507 (authorizing prolonged detention of individuals in Alien Terrorist Removal Court proceedings).

**Diop v. ICE/Homeland Security, *656 F.3d 221 (3d Cir. 2011) and Leslie v. Attorney General of the United States*, --- F.3d ---, 2012 WL 898614 (3d Cir. Mar. 19, 2012).**

*These decisions address whether the government may subject individuals to prolonged periods of immigration detention without a bond hearing.*

- *Diop* held that the Due Process Clause of the Fifth Amendment permits mandatory detention for only a "reasonable period of time," and construed the mandatory detention statute, 8 U.S.C. § 1226(c), as authorizing mandatory detention only for a reasonable period. When detention exceeds that reasonable period, the noncitizen is entitled to an individualized hearing where the government must show that continued detention is necessary to prevent flight or danger to the community. *Diop*, 656 F.3d at 223.

- *Leslie* clarifies that *Diop* governs not only the detention of individuals pending administrative removal proceedings before the Immigration Judge (IJ) or Board of Immigration Appeals (BIA), but also the detention of noncitizens who have obtained a stay of removal pending judicial review of their removal orders. *Leslie*, 2012 WL 898614, at *4. It also expressly rejects the government's argument—adopted by some district courts—that detainees' good faith efforts to pursue challenges to removal render their prolonged detention "reasonable." *Id.*

The Third Circuit held (1) that the Due Process Clause of the Fifth Amendment prohibits mandatory detention beyond a "reasonable period of time" and (2) that the mandatory detention statute, 8 U.S.C. § 1226(c) authorizes detention for only that reasonable period. Diop, 656 F.3d at 222.

**CONCLUSION**

Based on the foregoing, petitioner Mr. Retana Edwin Giovanni request this honorable Court grant the petition and request the respondent (Government) state a reason why petitioner is not eligible for on bond or any type of release. Petitioner request this honorable Court with the power to grant him bail unless the government establishes that petitioner is a flight risk or a danger to the community.

Respectfully submitted

Date: 10/23/2014

Edwin Retana

Retana Edwin Giovanny

RETANA EDWIN GIOVANNI
A# 088-809-199
Etowah Detention Center
827 Forrest Ave
Gadsden, AL 35901

## PROOF OF SERVICE

On October 23, 2014, I, Retana Edwin Giovanni, served a copy of this Petition for Writ of Habeas Corpus to the Office of District Counsel, Department of Homeland Security Office, at the following 515 Murray Street Suite 105 Alexandria, Louisiana 71301 by regular Mail.

Respectfully submitted

Date: 10/23/2014

Edwin Retana

Retana Edwin Giovanni